UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON, | No. 2:16-cv-2948 KJN P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| M. VOONG, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

1  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

2  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

3  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4        Named as defendants are M. Voong, R. Binkele, K. Green and H. Liu.  Plaintiff alleges

5  that in 2014, he was found guilty of a prison rules violation, i.e., indecent exposure.  Plaintiff

6  alleges that at the time of the rules violation, he took the drug Abilify.  Plaintiff alleges that

7  approximately two years after the disciplinary conviction, he discovered that Abilify had been

8  proven to cause patients to engage in compulsive and hypersexual behavior.  In 2016, plaintiff

9  filed administrative grievances challenging his disciplinary conviction on grounds that Abilify

10  caused him to engage in the behavior that led to his disciplinary conviction.  Plaintiff alleges that

11  the defendants improperly denied his administrative grievances on grounds that they were filed

12  beyond the time limits set by the regulations.

13        As injuries for the allegedly wrongful disciplinary conviction, plaintiff alleges that he was

14  classified with an "R" suffix and labeled as a sex offender.  As relief, plaintiff seeks money

15  damages and the removal of the rules violation conviction from his prison file.

16        The rules violation report from the at-issue disciplinary conviction is attached as an

17  exhibit to the complaint.  The report states that plaintiff was assessed 90 days of behavioral

18  credits as a result of the guilty finding.  (ECF No. 1 at 23.)

19        Plaintiff's complaint suggests two claims.  First, plaintiff appears to directly challenge the

20  validity of his prison disciplinary conviction for indecent exposure.  For the following reasons,

21  the undersigned finds that a claim challenging the disciplinary conviction is barred by Heck v.

22  Humphrey, 512 U.S. 477 (1994). Under the Supreme Court's decision in Heck, a plaintiff cannot

23  bring a § 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal

24  conviction unless the conviction is first reversed, expunged, set aside, or otherwise called into

25  question.  Heck, 512 U.S. at 486–87.  If a plaintiff convicted of a crime seeks damages in a

26  § 1983 suit, the district court must therefore "consider whether a judgment in favor of the plaintiff

27  would necessarily imply the invalidity of [her] conviction or sentence; if it would, the complaint

28  must be dismissed."  Heck, 512 U.S. at 487.  In other words, a § 1983 claim is barred if the

"plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153–54 (9th Cir. 2002) (citing Heck, 512 U.S. at 487 n.6). This "favorable termination" rule also applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646–48 (1997).

Because plaintiff was assessed 90 days of behavioral credits, and the prison disciplinary conviction has not been overturned, his claim for damages directly challenging the prison disciplinary conviction is barred pursuant to Heck.

Plaintiff also may be raising a due process claim challenging defendants' findings that his administrative grievances were time barred. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Accordingly, plaintiff's due process claim is not potentially colorable.

Although it does not appear that plaintiff can cure the pleading deficiencies discussed above, plaintiff is granted an opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 23, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

An2948.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON,<br><br>    Plaintiff,<br><br>   v.<br><br>M. VOONG, et al.,<br><br>    Defendants. | No.  2:  16-cv-2948 KJN P<br><br><br>NOTICE OF AMENDMENT |

  Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

                _____
                Plaintiff